UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SAMPSON J. HATHAWAY, | ) |
| Plaintiff, | ) |
| | ) Case No.: _____ |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR DAMAGES IN A CIVIL CASE**

Plaintiff, Sampson J. Hathaway ("Plaintiff") by counsel, Sweeney Law Firm, asserts this medical malpractice action against the Defendant, United States of America, and for his Complaint alleges and says as follows:

**PARTIES**

1. Sampson J. Hathaway is a citizen of Auburn, Indiana.

2. The Defendant is the United States of America. At all times relevant hereto, the United States acted through its agency, the Department of Veterans Affairs ("VA"), its subdivision, the Veterans Health Administration ("VHA"), and the employees of those agencies.

3. At all times relevant hereto, the Defendant employed a podiatrist, Dr. Bradley R. Hammersley ("Dr. Hammersley"), to provide podiatric medical care and treatment at the Veterans Administration Northern Indiana Health Care System ("VANIHCS") in Fort Wayne, Indiana and Marion, Indiana.

4. At all times relevant hereto, Dr. Hammersley was acting within the scope and course of his employment with the Defendant.

1

## JURISDICTION AND VENUE

5. Because the United States is the Defendant in this case, this Court has jurisdiction under 28 U.S.C. §1346.

6. The United States has waived its sovereign immunity pursuant to 5 U.S.C. §702.

7. At all times relevant hereto, Dr. Hammersley was acting within the scope and course of his employment with the Defendant and was an "employee of the government" as defined by 28 U.S.C. §2671.

8. Because Dr. Hammersley was acting within the scope and course of his employment as an "employee of the government" at all times relevant hereto, the Defendant is not entitled to the "Independent Contractor Exception," pursuant to *Edison v. United States*, 822 F.3d 510, 2016.

9. Because Dr. Hammersley was an "employee of the government" at all times relevant hereto, the Defendant is not entitled to dismissal for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

10. Pursuant to 28 U.S.C. §1391(e)(1), venue is proper within the Northern District of Indiana Fort Wayne Division because the events or omissions giving rise to this action occurred in this District.

11. Plaintiff has exhausted his administrative remedies pursuant to 28 U.S.C. §2675(a).

12. Pursuant to 28 U.S.C. §2675(a), Plaintiff submitted a Standard Form 95 ("SF95") to the Veterans Administration on February 6, 2019 detailing his claim against the Defendant.

13. More than six months have passed since Plaintiff submitted the SF95 to the Veterans Administration. Plaintiff has not received any communication from the Veterans Administration regarding his claim.

14. Pursuant to 28 U.S.C. §2675(a), "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." Plaintiff hereby exercises his option to deem his claim denied by the Veterans Administration on January 10, 2020.

15. Pursuant to 28 U.S.C. §2401(b), Plaintiff files this action "within six months after . . . final denial of the claim by the agency to which it was presented."

16. Plaintiff first learned that the care provided to him by Dr. Hammersley was malpractice when he met with VA administrators on January 29, 2018.

17. Plaintiff could not have learned that the acts and/or omissions by Dr. Hammersley were malpractice until he met with the VA administrators on January 29, 2018.

18. All conditions precedent to the filing of this action have occurred, been waived, or have otherwise been satisfied.

## STATEMENT OF CLAIM

19. Plaintiff first saw Dr. Hammersley on August 21, 2013 for a swollen and painful left foot, which had a history of previous fractures. Dr. Hammersley diagnosed Plaintiff with a cuboid fracture, 5th metatarsal fracture, and peroneus brevis rupture. X-rays and a CT scan showed no evidence of fractures and there was no MRI to support a peroneus brevis rupture. Dr. Hammersley breached the standard of care by incorrectly diagnosing Plaintiff.

20. On September 4, 2015, Dr. Hammersley performed surgery on Plaintiff's left foot, including placing screws. This hardware was unnecessary. Dr. Hammersley breached the standard of care by placing inappropriate hardware.

21. The standard of care requires that surgeons tell patients the important facts so patients can make an informed decision about proceeding with surgery. Dr. Hammersley breached the standard of care regarding informed consent because he never informed Plaintiff that preoperative imaging studies did not confirm fractures and/or a peroneus brevis tendon rupture.

22. According to the Institutional Disclosure of Adverse Event ("Disclosure") document from the VA dated February 5, 2018 (attached hereto as Exhibit 1), Dr. Hammersley committed the following acts of malpractice and betrayal in connection with podiatry care and services rendered to the Plaintiff:

```
*       X-rays and CT scan showed no evidence of fracture and there was no MRI
ordered to support evidence of peroneus brevis rupture
*       Veteran has hardware in foot that is unnecessary.
*       Will need evaluation for possible surgery to remove hardware.
```

23. On January 29, 2018, Plaintiff was notified by VA administrators that he was the victim of malpractice at the hands of Dr. Hammersley. At the January 29, 2018 disclosure meeting, VA administrators informed Plaintiff he had the right to file a malpractice claim against the VA and provided him with a blank Standard Form (SF95) to complete and submit to the VA.

24. In the February 5, 2018 Disclosure document, the VA admitted that Dr. Hammersley committed the above-mentioned acts of malpractice in connection with the podiatry care and treatment rendered by Dr. Hammersley to the Plaintiff.

25. As a direct and proximate result of Dr. Hammersley's negligence, Plaintiff suffered serious and permanent harm including chronic left foot pain as well as impaired function of his right foot.

26. As further direct and proximate result of Dr. Hammersley's negligence and unnecessary surgery, the quality of Plaintiff's life has been significant diminished. The Plaintiff began experiencing profound feelings/emotions of betrayal when he learned (from a VA podiatrist, Dr. Becker) that the surgeries were performed inappropriately and unnecessarily.

27. Plaintiff is seeking the applicable elements/categories of damages set forth in Indiana Model Civil Jury Instructions ("IMCJI") 703.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against the Defendant and respectfully requests compensatory damages that are commensurate with the harm suffered by Plaintiff and for all losses, injuries and damages, including the costs of this action and for all other just and proper relief in these premises.

Pursuant to 28 U.S.C. §2675(b), Plaintiff seeks damages equal to the amount that Plaintiff presented to the VA in his SF95.  If any newly discovered evidence not reasonably discoverable at that time of the filing of the SF95 is discovered, Plaintiff reserves the right to claim damages in excess of the damages sought in the SF95.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contention have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further

investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

        Respectfully submitted this 14th day of January 2020,

"/s/" David L. Farnbauch
David L. Farnbauch (#11187-45)
SWEENEY LAW FIRM
8019-B Lima Road
Fort Wayne, IN 46818
(260) 420-3137
Email: dlf@sweeneylawfirm.com


"/s/" Nicholas L. King
Nicholas L. King (#30709-49)
COWAN & KING, LLP
P.O. Box 90379
Indianapolis, IN 46290
(317) 246-8784
Email: nlk@cowanandking.com